UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **RHONDA T. McBETH,** )<br>    Plaintiff ) <br> ) <br> v. ) <br> ) <br> **SHEARER'S FOODS, INC.,** ) <br>    Defendant ) | Case No. 1:12cv00086 <br> **MEMORANDUM ORDER** |

This matter is before the undersigned on the plaintiff's Motion To Compel Responses To Discovery, (Docket Item No. 27) ("Motion"). The undersigned heard arguments of counsel by telephone conference call on February 25, 2014. Based on counsel's arguments and representations, and for the reasons stated below, the Motion will be **DENIED**.

In the Motion, plaintiff seeks to have the court overrule the defendant's objections and compel the defendant to provide a full and complete answer to her Interrogatory No. 1. This interrogatory stated:

> Please provide information on the following employees/former employees of defendant, to include title, with job description and qualifications, complete salary/wage history and performance evaluations:
>
> Samantha Atkins or Adkins
> Kathy Wolfe
> Greg Kennedy
> Greg McDavid
> Kristina Webb – IT

1

  Brian Hicks – IT
  Dave Bowie
  Rodney Warren
  Gus Wild
  Brandy Owens
  Paul Smith

  Please provide all factors taken into account in determining each of the above individuals' salaries and increases.

In addition to general objections that the interrogatory was overly broad and unduly burdensome and sought information that was neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, the defendant objected to the interrogatory as seeking confidential personnel information about its employees that have no relation to the claims in the plaintiff's lawsuit, and who are not "comparators" to the plaintiff.  More specifically, the defendant contends that the 11 individuals named in Interrogatory No. 1 all held different positions in its organizational structure outside of the Human Resources Department, in which the plaintiff was formerly employed, had different reporting relationships and had different managers determining their pay. The plaintiff was employed as a Human Resources Manager by the defendant from January 2011 through her termination on May 16, 2012.  The plaintiff alleges that the defendant discriminated against her on the basis of her sex by paying her a significantly lower salary than a male counterpart, awarding her a substantially lower annual increase in 2011 than many of her male counterparts and retaliated against her by terminating her for allegedly providing assistance to a former employee of the defendant in its Oregon office who had a sex discrimination complaint against the defendant.  The defendant contends that the plaintiff's proper comparators can be only other members of the Human Resources Department.  The plaintiff does not dispute that most of her Human Resources colleagues were women, and her only

2

viable male counterpart is Shawn Olsen, whose personnel information already has been provided to the plaintiff in discovery. The plaintiff argues that she is entitled to the information sought in Interrogatory No. 1 because she has alleged in her Complaint that the defendant engaged in a "pattern and practice" of sex discrimination, thereby making relevant the information of individuals other than just her typical comparators. I am not persuaded by the plaintiff's argument.

First, the plaintiff has not provided the court with any controlling case law in support of her proposition that alleging "pattern and practice discrimination" automatically opens discovery to information related to individuals outside the normal realm of comparators. Second, the court has found no such case law that directly stands for such a proposition. The Fourth Circuit has held that an individual plaintiff, like McBeth, cannot pursue a private, nonclass cause of action based on pattern and practice of discrimination. *See Lowery v. Cir. City Stores, Inc.*, 158 F.3d 742, 759 (4th Cir. 1998), *vacated on other grounds*, 527 U.S. 1031 (1999). However, *Lowery* also held that an individual may "use evidence of a pattern or practice of discrimination to help prove claims of individual discrimination within the *McDonnell Douglas* framework." 158 F.3d at 760-61. Nonetheless, I find that this is not the same as finding that an individual plaintiff pursuing an individual discrimination claim, such as the plaintiff in this case, is automatically allowed access to discovery materials related to individuals outside the normal realm of comparators.

While it is well-settled that the trial court has wide latitude in controlling discovery, *see Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986); *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003), including the manner in which it orders the course and scope of discovery, *see Ardrey*, 798 F.2d

at 682 (citing *Eggleston v. Chicago Journeymen Plumbers', Etc.*, 657 F.2d 890, 902 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017 (1982)), it may not, through discovery restrictions, prevent a plaintiff from pursuing a theory or entire cause of action. *See Ardrey*, 798 F.2d at 682 (citing *Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1363 (9th Cir. 1985); *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983)). I find that there is no evidence that denying the plaintiff's Motion prevents her from "pursuing a theory or entire cause of action," *Diaz*, 752 F.2d at 1363, because she is not entitled to pursue a private, individual pattern or practice case, and she has offered no evidence to the court that denial of the Motion will so prevent the pursuit of her claim of individual sex discrimination.

For all of the above-stated reasons, the Motion is **DENIED**, and the plaintiff is **ORDERED** to respond to the Defendant's Motion For Summary Judgment, (Docket Item No. 21), within 14 days from the date of entry of this Memorandum Order.

ENTERED: March 6, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE